# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BARRY MCMULLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:09-CV-10 |
| | ) |
| TOM MYERS, Prosecutor, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the Court **DENIES** Plaintiff, Barry McMullen, leave to proceed against Defendants, and **ORDERS** the Clerk to **DISMISS** the complaint **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

BACKGROUND

On January 20, 2009, *pro se* Plaintiff, Barry McMullen, a prisoner confined at the Grant County Jail, filed a complaint pursuant to 42 U.S.C. section 1983. In his complaint, McMullen alleged that Judge Mark Spitzer of the Grant Circuit Court, Prosecutor Tom Myers, attorneys Jerry Drook and David Glickfield, Marion Police Officers John Kaufman, Ross Allen, Jared Reel and Chris Butche, and Sheriff's Department employees, Mike Andry, Allen Culley and Marland Sands, violated his rights protected by the

First, Fourth, Fifth, and Fourteenth Amendments by refiling criminal charges that had been dismissed earlier at the State's request. McMullen seeks damages and declaratory relief for the alleged constitutional violations.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under section 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

As mentioned previously, a document filed *pro se* is to be liberally construed, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). As the Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

> true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quotation marks and citations omitted).

The complaint and its attachments establish that on October 10, 2006, the Grant County Prosecutor filed class A felony charges against McMullen in the Grant Superior Court. The case never went

3

to trial, and on August 27, 2007, the Government filed a motion to dismiss, which the court granted. On November 26, 2008, the prosecutor refiled the charges in the Grant Circuit Court and Judge Spitzer issued an arrest warrant for McMullen. Plaintiff "feel(s) that [his] rights [are] being violated by charging [him] twice for the same charge under the First, Fourth, Fifth and Fourteenth Amendments." (DE #1 at 3.)

McMullen brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *See Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In addressing a claim brought under section 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394 (1989). McMullen's claim that Defendants have prosecuted him twice for the same crime implicates the Fifth Amendment's Double Jeopardy Clause, applicable to the states by the Fourteenth

4

Amendment, which protects against a second prosecution for the same offense and multiple criminal punishments for the same offense. *Hudson v. United States*, 522 U.S. 93, 98-99 (1997).

Judge Spitzer, who is presiding over the charges filed against McMullen on November 26, 2008, is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). Judge Spitzer has the jurisdiction to preside over the criminal charges filed by the prosecutor against McMullen. *Id.* at 1392. Accordingly, Judge Spitzer is entitled to judicial immunity against McMullen's claims.

McMullen has also sued Prosecutor Tom Myers, who filed the second criminal charge against him. Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. "This immunity shields the prosecutor if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct McMullen asserts in his complaint constitutes conduct intimately

5

associated with the judicial phase of the criminal process. Accordingly, Prosecutor Myers is entitled to prosecutorial immunity.

McMullen also states claims against the attorneys who have represented him in the criminal charges brought against him. He alleges that David Glickfield, who represented him during the first prosecution, "violated [his] First, Fourth, Fifth, and Fourteenth Amendment [rights] by putting [him] through the stress and telling [him] that [he] was guilty when the case was first brought up on March 8, 2006." (DE #1 at 4.) McMullen asserts that Jerry Drook, who represents him in the charges currently pending against him, violated his rights because he knew the prosecutor was going to refile the charges "and haven't [sic.] tried to do anything about it so it put him on the same violation as the rest of them." (*Id.*)

To state a claim under section 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981) (*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). If the person did not act "under color of state law," the action against him must be dismissed. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). An attorney, even a public defender appointed to represent a criminal defendant in state court, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981).

McMullen also sues Officer Ross Allen who McMullen alleges

"read [him] the warrant on 11-26-08 at the Grant County Jail . . . [and] . . . has violated [his] rights under the First, Fourth, Fifth and Fourteenth Amendment[s] by knowing that the case was not to be brought back up especially under a different cause number." (DE #1 at 3.) He also sues several police officers and jail employees (Kaufman, Reel, Butche, Andry, Culley, and Sands), who he alleges were involved and were "present while Ross Allen read [him] the warrant." (*Id.*).

In Indiana, only the prosecutor has the authority to bring criminal prosecutions on behalf of the state. That Officer Allen may have read McMullen the warrant issued by Judge Spitzer, and that other officers may have been present when the warrant was read to McMullen, states no claim against them on which relief could be granted.

Finally, on the merits, McMullen's double jeopardy claim states no claim upon which relief can be granted:

> The Double Jeopardy Clause of the Fifth Amendment is stated in brief compass: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." But this deceptively plain language has given rise to problems both subtle and complex . . .. This case, however, presents a single straightforward issue concerning the point during a jury trial when a defendant is deemed to have been put in jeopardy, for only if that point has once been reached does any subsequent prosecution of the defendant bring the guarantee against double jeopardy even potentially into play.

*Crist v. Bretz*, 437 U.S. 28, 32-33 (1978) (footnotes and citations

omitted).

In *Crist*, the Supreme Court held that the Double Jeopardy Clause prevents a second prosecution of a defendant whose first trial "ended just after the jury had been sworn and before any testimony had been taken. The Court thus necessarily pinpointed the stage in a jury trial when jeopardy attaches, and the *Downum* case has since been understood as explicit authority for the proposition that jeopardy attaches when the jury is empaneled and sworn." *Id.* at 35 (citing *Downum v. United States*, 372 U.S. 734 (1963)).

The initial charges against McMullen were dismissed without prejudice before the trial date so no jury was ever empaneled and sworn. Accordingly, McMullen was never placed in jeopardy during the first prosecution, and the prosecutor did not violate his Fifth Amendment rights when he later refiled criminal charges against McMullen.

CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. section 1915A(b), the court **DISMISSES** this complaint.

**DATED: October 19, 2009**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**